**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

AES TECHNOLOGIES, LLC,

AUTOMOTIVE ELECTRONIC
SOLUTION PROVIDERS, LLC,

             Debtors.
_____/

Case No.: 3:14-bk-05397-PMG

Case No.: 3:14-bk-05400-PMG

(Jointly Administered under Case No. 3:14-bk-05397-PMG)

Chapter 11

**AFFIDAVIT OF PAUL CIFELLI IN SUPPORT OF**
**THE SALE OF THE TRANSFERRED ASSETS TO BUYER**

STATE OF NEW YORK
COUNTY OF NEW YORK

    Before me, the undersigned authority, personally appeared Paul Cifelli who being duly sworn, deposes and says:

    1.  I am a Managing Director of Kinderhook Industries, LLC ("Kinderhook"). I have played an active role in the negotiation of that certain Asset Purchase and Contribution Agreement (the "Purchase Agreement")[1] dated June 3, 2015 by and between the Debtors, Repairify Holdings, LLC ("Parent"), and Repairify, Inc. ("Buyer"), and I am familiar with the terms contained therein. I am over 21 years of age and fully competent to make this Affidavit. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

    2.  I make this Affidavit in support of the Debtors' *Motion for an Order (A) Authorizing the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired*

---

[1]     Capitalized terms used but not otherwise defined herein are used as defined in the Purchase Agreement.

*Leases, (C) Approving Form and Manner of Notices and (D) Granting Related Relief* (Doc. 118), each filed with the Court on June 3, 2015 (the "Sale Motion").

**A.      Adequate Assurance of Future Performance**

3. KI Remarketing Investment Holdings, LLC ("KI Investor"), an affiliate of Kinderhook, owns all of the outstanding membership interests of Parent. I understand that immediately prior to the Closing Date, KI Investor will transfer its ownership interest in Parent to RFI 2015 Group, LLC ("RFI Group"), a newly-formed limited liability company, which will then own all of the outstanding membership interests of Parent. I further understand that RFI Group will be jointly-owned by KI Investor and Copart, Inc. ("Copart").

4. Kinderhook is a private equity firm that manages over $1.25 billion of committed capital. Kinderhook primarily makes control investments in companies with transaction values of $25-$250 million where the firm can achieve significant financial, operational and growth improvements. Kinderhook's principals have completed in excess of one hundred transactions, investing over $1 billion throughout their investment careers.

5. Copart is a publicly-traded company that provides vehicle sellers with a full range of remarketing services to process and sell salvage and clean title vehicles to dealers, dismantlers, rebuilders, exporters and, in some states, to end users. Copart links sellers to more than 750,000 members in over 150 countries worldwide through its multi-channel platform.

6. I understand that an assignee of an assumed executory contract must provide adequate assurance to the contract counterparty of its future performance under that contract. I believe that Buyer will have sufficient cash from operations to provide such adequate assurance of its future performance to counterparties under the Assumed Contracts. I am not aware of any party that has objected to Buyer's ability to provide such adequate assurance.

B. **Good Faith of Debtors, Buyer, and Parent**

7. The provisions under the Purchase Agreement are the product of significant, hard-fought, arms' length negotiations between the Debtors, Buyer, and Parent. I believe the Purchase Agreement and the Transactions contemplated thereunder were proposed, negotiated, and entered into by and among the Debtors, Buyer, and Parent without collusion and in good faith. To the best of my knowledge, information and belief, the Debtors, Buyer, and Parent have not acted in a collusive manner with any person and the Purchase Price was not controlled by any agreement among any parties or bidders.

8. To the best of my knowledge and belief, neither Buyer nor Parent is affiliated in any way with the Debtors, the Debtors' secured creditors, or any of the other professionals advising the Debtors. In addition, neither Buyer nor Parent is a creditor or a contract counterparty of the Debtors. To the best of my knowledge, information and belief, neither Parent, Buyer, nor any of their affiliates, present or contemplated members, officers, directors, shareholders or any of its respective successors and assigns is an "insider" of any of the Debtors, as the term "insider" is defined in section 101(31) of the Bankruptcy Code.

9. I am not aware of any allegation that would suggest that either Buyer or Parent has not proceeded in good faith in negotiating the Purchase Agreement.

FURTHER, AFFIANT SAYETH NOT.

_____
Paul Cifelli

STATE OF NEW YORK            )
                             ) ss:
COUNTY OF NEW YORK           )

The foregoing instrument was sworn to and subscribed before me this $\underline{20}$ day of July, 2015, by Paul Cifelli, who is:

☒ personally known to me; or

☐ produced a driver's license issued by the _____ Department of Highway Safety and Motor Vehicles as identification; or

☐ produced the following identification: _____

_____
NOTARY PUBLIC, STATE OF NEW YORK

SARAH E. MCBRIDE
Notary Public, State of New York
No. 01MC6295792
Qualified in New York County
Commission Expires January 18, 2018

(Print, Type or Stamp Commissioned Name of Notary Public)